UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-cv-62704-BB

LINNEA WEXLER,

    Plaintiff,

vs.

SEAVISIONS, LTD.
and SOLEMATES MARINE LTD.

    Defendant.

_____/

**DEFENDANT SEAVISIONS LTD'S MOTION TO DISMISS
AND MOTION TO COMPEL ARBITRATION**

The Defendant, SEAVISIONS, LTD., by and through undersigned counsel, and pursuant to Rule 1.140 and any other pertinent Florida Rules of Civil Procedure, respectfully urges the Court to render an Order dismissing the Plaintiff's Complaint for damages, and as ground states:

1. Plaintiff commenced work as a Sous Chef on the yacht *SOLEMATES* on September 14, 2014 in La Ciotat, France. [Seafarer's Employment Agreement No.1, attached hereto as Exhibit "1," p.1].

2. The vessel *SOLEMATES* is a 197' motor yacht sailing under the flag of the Cayman Islands.

3. Plaintiff alleges she suffered a cervical back injury as a result of performing her job duties as Sous Chef on or about September 30, 2014 aboard the yacht *SOLEMATES*.

4. From the commencement of Plaintiff's work on the vessel to the time of the incident, Plaintiff worked for the vessel owner Solemates Marine Ltd. [Compl. ¶8, attached as Exhibit "2," p.1]. She claims other crew members employed by Solemates Marine Ltd. failed to train her adequately then ordered her to participate in a safety drill that included trying to open an overhead hatch. [Compl., ¶11, Ex. 2]. She also alleges Solemates Marine Ltd. failed to properly maintain the subject hatch. [Compl. ¶12, Ex. 2].

5. The Defendant Seavisions Ltd. did not employ Plaintiff or own or operate the vessel *SOLEMATES* at the time of Plaintiff's incident.

6. Seavisions Ltd. is incorporated in the Cayman Islands and maintains its principal place of business in Grand Cayman, Cayman Islands.

7. On October 2, 2014, Plaintiff signed a release and represented to Defendant Seavisions Ltd. that she was not owed any compensation from the owner of the *SOLEMATES* and she waived any lien or claim against the Vessel. [Release, attached as Exhibit "3"]

8. On October 3, 2014, Defendant Seavisions Ltd. purchased the vessel - after Plaintiff's claimed incident. [Complaint, ¶15, Ex. 1].

9. In conjunction with Plaintiff's request for Seavisions Ltd. to hire her to work on the vessel, Plaintiff submitted a letter of recommendation dated October from Solemates Ltd., which does not mention any personal injury or outstanding claim for benefits. [10/3/14 Ref. Letter, attached hereto as Exhibit "4"].

10. On October 4, 2014, Plaintiff signed a Crew Departure Report regarding her final pay from Solemates Marine Ltd.; although Plaintiff signed the document, nowhere did she make any mention of any injury or outstanding claim for medical benefits. [Crew Dep. Report, attached as Exhibit "5"].

11. Based on Plaintiff's representations that she was not owed anything and having received no notice Plaintiff claimed any injury from the prior owner/employer, Seavisions Ltd. offered employment to Plaintiff to stay on the vessel and continue work as the Sous Chef. She accepted the offer of employment and entered into a Seafarer Employment Agreement. [Seavisions Employment Agreement, attached hereto as Exhibit "6"].

12. Plaintiff represented to Defendants she was born in the U.S., but lists her nationality as Swedish. She presented a Swedish passport and indicated her Tax Country is

Sweden; she claimed to be a resident of Florence, Italy and listed Italy as her repatriation country. [Ex. 6, p. 1]. Based upon information and belief, she currently resides in New York.

13. The terms of Plaintiff's employment with Seavisions Ltd. were governed by her Seafarer Employment Agreement. [Ex. 6]. Plaintiff signed the Seafarer Employment Agreement and thereby accepted its terms, including a mandatory arbitration provision:

**Q. LAW, JURISDICTION AND RESOLUTION OF DISPUTES**

1. The parties to this contract hereby stipulate that the terms and conditions laid down herein shall be subject to the applicable provisions of the Maritime Law and Regulations of the Flag-state." Any dispute as to the terms and conditions of this contract shall be resolved in accordance with the Maritime Law and Regulations of the Flag-State.

2. Notwithstanding the rights of the Seafarer to enforce a lien, and notwithstanding the nationality of the Yacht Owner, the Employer, or the Crew Administrator, and where permitted by law, any dispute arising from this Agreement that cannot be resolved amicably shall be referred only and exclusively to arbitration in London in accordance with the provisions of the Arbitration Act of 1996 and as subsequently amended…

[Seafarer Employment Agreement, ¶ Q, Ex. 6].

14. The vessel sailed under the flag state of the Cayman Islands for all times material to Plaintiff's allegations. [Ex. 6, p.1].

15. Contrary to the designated forum and mandatory arbitration provision in her Seafarer Employment Agreement, Plaintiff filed suit in the Seventeenth Judicial Circuit in Broward County, Florida. [Compl., Ex. 2].

16. On or about October 17, 2016, Plaintiff attempted service of process on Seavisions Ltd. by serving a separate entity named Wright Maritime Group, LLC. [Summons, attached as Exhibit "7"]. However, Wright Maritime Group LLC is not authorized to accept service of process on behalf of Seavisions Ltd.

17. The Complaint expressly asserts the causes of action pled "arise under the Jones Act, [46 U.S.C. § 30104], the General Maritime Law of the United States and Florida Law."

[Compl., ¶ 2, Ex. 2].  The Complaint asserts alternative claims under Cayman Island Law. [Compl. ¶3, Ex. 2].  All of her claims arise out of her employment on board the vessel *SOLEMATES*.

18.  The Seafarer Employment Agreement with Seavisions Ltd. constitutes an arbitration agreement falling under The Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention").

19.  The Cayman Islands are a British Overseas Territory and a dependency of the United Kingdom.[1]  Both the United Kingdom (1975) and the United States (1970) are signatories to the Convention. [List of Signatories to N.Y. Convention, attached as Exhibit "8"].

20.  Defendant Seavisions Ltd. removed Plaintiff's state court case to this Court for enforcement of the arbitration agreement, pursuant to 9 U.S.C. § 205.

## MEMORANDUM OF LAW

**I.  PLAINTIFF IS BOUND BY THE MANDATORY ARBITRATION PROVISION IN HER CONTRACT.**

**A.  The New York Convention applies and compels enforcement of the arbitration provision.**

Federal law strongly favors agreements to arbitrate, particularly in international transactions and courts rigorously enforce them. *See, e.g., Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226, 107 S. Ct. 2332 (1987); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625, 105 S. Ct. 3346 (1985); *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S. Ct. 927 (1983); *see Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1275 (11th Cir. 2011). As a matter of law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Moses H. Cone Memorial Hosp.*, 460 U.S. at 24. This is especially true in agreements affecting interstate

---

[1] https://www.britannica.com/place/Cayman-Islands

and foreign commerce. *Mitsubishi*, 473 U.S. at 629; *Lindo*, 652 F.3d at 1275. Arbitration agreements are governed by the Federal Arbitration Act, 9 U.S.C. § 1, *et. seq*. ("The Act") and the Convention, codified at 9 U.S.C. § 201, *et. seq*.

The Act, specifically 9 U.S.C. §§ 3, 4, and 9, provides this Court with the general authority to order compulsory arbitration. The Convention also requires courts to enforce any written agreement which provides arbitration as the mechanism to resolve international commercial disputes. Policy favoring arbitration clauses is so strong in the context of international commercial agreements that they are enforced "even assuming a contrary result would be forthcoming in a domestic context." *Mitsubishi*, 473 U.S. at 629; *see also Allied-Bruce Terminix Co. v. Dobson*, 115 S. Ct. 834 (1995). A party opposing a motion to compel arbitration has the affirmative duty to show cause why the court should not compel arbitration. *Sims v. Clarendon Nat'l Ins. Co*., 336 F. Supp. 2d 1311, 1314 (S.D. Fla. 2004) (citations omitted).

In practice, the enforceability of arbitration clauses in international commercial agreements is dependent in large part on an analysis similar to that of the forum selection clause cases. In *Scherk v. The Alberto-Culver Co*., 417 U.S. 506, 94 S. Ct. 2449 (1974) and in *Mitsubishi*, 473 U.S. 614, the U.S. Supreme Court enforced arbitration clauses and relied substantially on the *M/S Bremen v. Zapata Off-Shore Co*., 407 U.S. 1, 92 S. Ct. 1907 (1972), a pure forum selection clause case. The court in *Scherk* noted, "an agreement to arbitrate before a specified tribunal is, in effect, a specialized forum selection clause that posits not only the situs of the suit but also the procedure to be used in resolving the dispute." *Scherk*, 417 U.S. at 519.

Under 9 U.S.C. § 206, "[a] court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States." When deciding "to compel arbitration under the Convention Act, a court conducts 'a very limited inquiry.'" *Bautista v. Star Cruises*, 396 F.3d

1289, 1294 (11th Cir. 2005) (citation omitted). Binding precedent dictates that unless there is an affirmative defense that prevents the application of the Convention Act, the Court must compel the parties to arbitrate if the following jurisdictional prerequisites are met:

(1) There is an agreement in writing to arbitrate the dispute;
(2) The agreement provides for arbitration in the territory of a signatory of the Convention;
(3) The agreement arises out of a legal relationship, whether contractual or not, that is considered commercial; and
(4) One party to the agreement is not a United States citizen, or the commercial relationship at issue has some reasonable relation with a foreign state.

*Bautista*, 396 F.3d at 1294; *Allen v. Royal Caribbean Cruises, Ltd.*, 2008 U.S. Dist. LEXIS 103783, *12-13 (S.D. Fla. 2008), *aff'd*, 353 F. App'x 360 (11th Cir. 2009).

Here, all the jurisdictional prerequisites are satisfied by the agreement between Plaintiff and Seavisions, Ltd.[2] The parties entered into a written agreement that any disputes arising out of her employment must be resolved by arbitration. The Agreement designates the arbitration will take place in England/the United Kingdom—a signatory to the Convention. [Agmt, Ex. 6, ¶Q.2; Ex. 8]. As expressly acknowledged in the Agreement between the parties, their legal relationship is commercial in nature as recognized by law. *See Bautista*, 396 F.3d at 1289; *Lobo*

---

2 While the interests of judicial efficiency would best served by the claims against both parties to proceed to arbitration, the Defendants must candidly concede Plaintiff's employment agreement with Defendant Solemates Marine Ltd. does not contain an arbitration provision. There is no written agreement to arbitrate between Plaintiff and Solemates Marine Ltd. Unfortunately, the circumstances do not support the equitable estoppel mechanism to compel a non-signatory to arbitration. *See Regent Seven Seas Cruises, Inc. v. Rolls Royce, PLC*, 2007 U.S. Dist. LEXIS 11999, *22-26 (S.D. Fla. 2007). Therefore, it appears that while the claims against Seavisions Ltd. must be arbitrated, the claims against Solemates Marine, Ltd. should be remanded to proceed in state court. The resulting piecemeal litigation is not a defense to enforcing the arbitration provision. *Mosaic Underwriting Service, Inc. v. Moncla Marine Operations LLC*, 927 F.Supp.2d 865, 872-73 (E.D. La. 2013). Nor is this circumstance a basis to defeat removal under the Convention for one of the defendants to exert its right to enforce the arbitration provision in its contract. *Viator v. Deuterive Contractors, Inc.*, 638 F.Supp.2d 641 (E.D. La. 2009). To hold otherwise would invite plaintiffs to sue non-signatory "straw man" defendants in an effort to defeat enforcement of the arbitration provision with the primary defendant.

*v. Celebrity Cruises, Inc.*, 426 F. Supp. 2d 1296, 1298-99 (S.D. Fla. 2006). Defendant Seavisions Ltd. is not a U.S. citizen and the commercial relationship at issue is reasonably related to the designated foreign state because the flag state of the Cayman Islands is a U.K. territory. All of Plaintiff's claims arise out of her employment on board the *SOLEMATES* vessel.

The burden is on the party opposing arbitration to demonstrate an affirmative defense applies. *Bautista*, 296 F.3d at 1289; *Lobo*, *supra*.[3] No grounds to support a permissible affirmative defense exist in this case. Where, as here, the Convention's criteria are met and no affirmative defense is shown, the Court is required to issue an order compelling arbitration. *See, e.g., Tarasewicz v. Royal Caribbean Cruises, Ltd.*, 2015 U.S. Dist. LEXIS 84779, *77-78 (S.D. Fla. 2015) (enforcing contractual provision designating arbitration in London).

### B. BINDING PRECEDENT COMPELS ENFORCEMENT OF THE ARBITRATION PROVISION.

Pursuant to the Convention, the parties' agreement, and pertinent controlling case law, Plaintiff's claims against Seavisions Ltd. are subject to arbitration. *Lindo*, 652 F.3d at 1275-87; *Bautista*, 396 F.3d at 1298. In *Bautista*, the Eleventh Circuit held a Jones Act claim for negligence is subject to arbitration under the Convention. *Bautista*, 396 F.3d at 1298; *see Lipcon v. Underwriters at Lloyd's London*, 148 F.3d 1285, 1295 (11th Cir. 1995) (finding it appropriate to enforce an arbitration agreement even where it prevented plaintiff from bringing claims under U.S. statutes); *Allen*, 2008 U.S. Dist. LEXIS 103783 at *12 (enforcing arbitration provision for Jones Act claim); *Del Orbe v. Royal Caribbean Cruises*, *Ltd.*, 549 F. Supp. 2d 1365 (S.D. Fla. 2008) (compelling arbitration in case with Jones Act and maintenance and cure claims).

---

[3] The Convention's affirmative defenses allow a court not to compel arbitration only if "it finds that the said agreement is null and void, inoperative or incapable of being performed." *Bautista*, 396 F.3d at 1301-02 (quoting Convention, Art. II(3)). These exceptions are read narrowly and encompass "only those situations – such as fraud, mistake, duress and waiver – that can be applied on an international scale." *Bautista*, 396 F.3d at 1302 (citation omitted); *see also Rhone Mediterranee Compagnia Francese di Assicurazioni v. Lauro*, 712 F.2d 50, 53 (3d Cir. 1983); *accord Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 960 (10th Cir. 1992).

The Eleventh Circuit left no doubt as to the enforceability of arbitration agreements under the circumstances presented in this case. In *Lindo*, the Eleventh Circuit expressly rejected the reasoning in *Thomas v. Carnival Corp.*, 573 F.3d 1113 (11th Cir. 2009), a prior panel decision which conflicted with *Bautista* and held, based on public policy considerations, that "arbitration is unenforceable if foreign law applies because the plaintiff cannot assert U.S. statutory claims." *Lindo*, 652 F.3d at 1257 (citing *Thomas*, 573 F.3d at 1122-23). The *Lindo* court determined that the panel deciding *Thomas* abandoned clear precedent and the rationale for the decision was unclear. *Id*. at 1277-1282; *see Arauz v. Carnival Corp.*, 2012 U.S. App. LEXIS 7116 (11th Cir. 2012) (recognizing that *Thomas* clearly violated *Bautista's* holding and prior panel precedent and following *Lindo*); *Maxwell v. NCL (Bahamas), Ltd.*, 454 F. App'x 709 (11th Cir. 2011) (following *Lindo* and holding that public policy considerations under *Thomas* are "not a valid defense to enforcement of an arbitration agreement"); *Lujan v. Carnival Corp.*, 2012 U.S. Dist. LEXIS 45812, *14 (S.D. Fla. 2012) (recognizing "subsequent panels of the Eleventh Circuit have regarded *Thomas* as dead-letter and *Lindo* as law of the land").

The *Lindo* decision explained the Supreme Court and Eleventh Circuit precedent "have squarely held that contracts providing for arbitration of U.S. statutory claims are enforceable, absent a contrary intention clearly and specifically expressed by Congress." *Id.* at 1276. The court then went on to find that Congress has not made any express intention to render international arbitration clauses unenforceable in Jones Act claims. *Id*. at 1287. The court then affirmed the district court's order granting the defendant cruise line's motion to dismiss and compel arbitration and denying the plaintiff's motion to remand. *Id*.

In the wake of *Lindo*, the federal courts of this district repeatedly conclude the foreign arbitration agreements are enforceable. *See, e.g., Downer v. Royal Caribbean Cruises, Ltd.*, 2012 U.S. Dist. LEXIS 75233 (S.D. Fla. 2012), 549 Fed. Appx. 861 (11th Cir. 2013), *cert. denied,*

2014 U.S. LEXIS 5117 (2014) (dismissing and compelling arbitration); *Lujan v. Carnival Corp.*, 2012 U.S. Dist. LEXIS 45812, *17 (S.D. Fla. 2012) (holding the dispute as to plaintiff's claims – even under foreign law - "must be resolved in arbitration under the parties' Agreement").

Plaintiff represented to Defendants she is a Swedish national. [Ex. 1, 6]. Although she was born in the United States, she presented a passport issued in Sweden to both Defendants for employment and listed an address in Italy as her residence. [Ex. 1, 4, 6]. Even if Plaintiff is considered a U.S. citizen, this matter is still compelled to arbitration because her employment agreement envisaged performance abroad. [Ex. 6]; *Leighton v. Royal Caribbean Cruises, Ltd.*, 2016 U.S. Dist. LEXIS 46027 (S.D. Fla. 2016) (granting dismissal to compel seaman to submits his claims to arbitration).

The opinions in *Lindo*, *Downer*, *Lujan,* and this Court's opinion in *Tarasewicz* are directly on point with the facts of this case. The application of Grand Cayman law as designated in the contract does not render the arbitration provision unenforceable. *Tarasewicz*, *supra*. Consistent with the Convention and the binding precedent applying the Convention, this Court must enforce the mandatory arbitration and governing law provisions in the parties' contract and compel Plaintiff to arbitrate her claims against Seavisions, Ltd. in London.

II.     **Plaintiff failed to accomplish effective service of process on Seavisions Ltd.**

Once the sufficiency of service is brought into question, the plaintiff has the burden of proving service of process was proper. *Cornwall v. Miami-Dade County Corr. & Rehab. Dep't.*, 2011 U.S. Dist. LEXIS 97963, *4 (S.D. Fla. 2011). Here, Defendant Seavisions Ltd. questions the sufficiency of service of process and Plaintiff fails to carry that burden.

Plaintiff's attempt to serve process on Seavisions Ltd., a company in the Cayman Islands, fails because Plaintiff served Wright Maritime Group LLC, instead. Wright Maritime Group is not authorized to accept service of process on behalf of Seavisions.

Rather, Florida Statute §48.161 requires a plaintiff seeking to send documents abroad to comply with the requirements of the Hague Convention. *Glen v. Club Mediterranee, S.A.*, 359 F.Supp.2d 1352, 1356 (S.D. Fla. 2005); *McClenon v. Nissan Motor Corp. in U.S.A.*, 726 F. Supp. 822, 824-25 (N.D. Fla. 1989). The Convention applies where a party must transmit a document for service abroad. Hague Convention, Art. 1;[4] *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699, 108 S. Ct. 2104 (1988). The Supremacy Clause in Article IV of the United States Constitution dictates that wherever the Convention applies, the Convention service rules preempt all inconsistent methods of service prescribed by state law. *Id.,* at 2107.

Where the plaintiff does not effectuate service of process under the Hague Convention and does not seek prior court authorization for a means under Rule 4(f), the service attempt is deficient and does not invoke the personal jurisdiction over the targeted defendant. *De Gazelle Group, Inc. v. Tamaz Trading Est.*, 2016 U.S. App. LEXIS 5795, *6, 8 (11th Cir. 2016) (holding service via Federal Express does not comply with Rule 4 or the Hague Convention). The targeted defendant's actual notice does not excuse plaintiff from compliance with Rule 4 and the Hague Convention. *Prewitt Enters., Inc. v. OPEC*, 353 F.3d 916, 921, 925 & n.14 (11th Cir. 2003).

The majority of district courts in Florida reject service by postal channels under Article 10(a) of the Hague Convention. *Intelsat Corp. v. Multivision TV LLC*, 736 F.Supp.2d 1334, 1342 (S.D. Fla. 2010). The prevailing analysis is: "… had the drafters intended Article 10(a) to allow service by postal channels, they would have so stated. As drafted, Article 10(a) does not permit service by certified mail." *Id.* Service through the nation's designated Central Authority under the Hague Convention is required. *Nuovo Pignone, SpA v. M/V STORMAN ASIA*, 310 F.3d 374, 383 (5th Cir. 2002) (holding service by registered mail is ineffective).

---

4  The United Kingdom, including the Cayman Islands, and the United States are signatories to the Hague Convention. https://www.activefilings.com/incorporation-services/international-plan/list-of-parties-to-the-1961-hague-convention/.  Therefore, service of process on Defendant must be carried out according to the terms of the Hague Convention. *Frye v. Ulrich GmbH & Co. KG*, 2009 WL 801773, *6 (M.D. Ala. 2009).

Plaintiff's attempted service of process on a separate entity in Florida that is not authorized to accept service of process on behalf of Seavisions Ltd. does not comply with either the Florida Statutes, Rule 4 or the Hague Convention. Plaintiff's attempted service of process is insufficient and is properly quashed; as a result of the deficient service of process, this Court lacks personal jurisdiction over Seavisions Ltd.

### III. This Court lacks personal jurisdiction over Seavisions Ltd.

Under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing a district court's jurisdiction over a non-resident. *Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009) (reversing order denying motion to dismiss).

**1. Plaintiff fails to prove general jurisdiction over the Foreign Defendants.**

Recent Supreme Court decisions changed the landscape of the general personal jurisdiction analysis. Now, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Goodyear Dunlop Tires Op, S.A. v. Brown*, 131 S. Ct. 2846, 180 L.Ed.2d 796 (2011). The proper inquiry now is whether the corporation's in-forum contract are so 'continuous and systematic' as to render it essentially "at home" in the forum State. *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014). "A foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1205 (11th Cir. 2015). "Thus, a nonresident corporation will be subject to general jurisdiction only in the 'exceptional case.'" *Waite v. AII Acquisition Corp.*, 2016 U.S. Dist. LEXIS 63472 (S.D. Fla. 2016).

Defendant Seavisions is incorporated in the Cayman Islands. Defendant does not have any employees or an office in Florida. Plaintiff signed her contract with Defendant in France. [Ex. 6, p.1]. The vessel did not call in the United States during Plaintiff's employ. Defendant Seavisions Ltd. is not "at home" in Florida (or the United States).

It is anticipated Plaintiff will argue that the local presence of the crew administrator, Wright Maritime Group, can be imputed to Seavisions to create a connection where one does not otherwise exist. Seavisions and Wright Maritime Group are two distinct entities. However, even if the Court considered Wright Maritime Group a subsidiary, it would not make the parent corporation "at home" in the State to create a basis for general personal jurisdiction. *Twinstar Partners, LLC v. Diamond Aircraft Indus., Inc.*, 2014 U.S. Dist. LEXIS 114309, *13-14 (S.D. Fla. 2014). "Black-letter law forbids equating a subsidiary with its parent absent extraordinary justification to pierce a corporate veil." *Atmos Nation LLC v. Alibaba Group Holding Ltd.*, 2016 U.S. Dist. LEXIS 33228 (S.D. Fla. 2016). The Eleventh Circuit has made it clear that a parent and its subsidiary are separate and distinct entities, and the presence of one in a forum state may not necessarily be attributed to the other. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000). Just as in *Atmos*, there is no basis to exercise personal jurisdiction over the Seavisions Ltd. by virtue of the local presence of Wright Maritime Group. *Atmos*, at *19.

Here, the contacts between Seavisions Ltd. and Florida are not so substantial as to make this one of the exceptional cases in which a foreign corporation is "at home" here. The few connections with Florida fail to satisfy the heightened standard for general jurisdiction.

**2. Plaintiff fails to plead or prove specific jurisdiction over Seavisions Ltd.**

Plaintiff's Complaint does not allege specific personal jurisdiction over Seavisions Ltd. Nor do the operative facts establish a basis for finding specific jurisdiction exists over Seavisions. Specific jurisdiction arises over a non-resident defendant only when it engages in certain enumerated acts:

> (1) [o]perating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida; (2) committing a tortious act in Florida; (3) owning, using, possessing, or holding a mortgage or other lien on any real property in Florida; (4) contracting to insure any person, property, or risk located within Florida at the time of contracting; (5) causing injury to persons or property within Florida arising out of an act or omission by the

>defendant outside of Florida, if, at the time of the injury either the defendant was engaged in solicitation or service activities within Florida or products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within Florida; and (6) breaching a contract in Florida by failing to perform acts required by the contract to be performed in Florida.

Fla. Stat. § 48.193(1).  For specific jurisdiction to exist, the defendant's contacts with the forum must be related to the "operative facts of the controversy." *Licciardello v. Lovelady*, 544 F.3d 1280, 1285, n.3 (11th Cir. 2008). Specific jurisdiction requires the plaintiff to establish connexity between the injuries suffered and defendant's contacts. *Tarasewicz v. Royal Caribbean Cruises Ltd.*, 2015 U.S. Dist. LEXIS 84779 (S.D. Fla. 2015), quoting *Carmouche*, 36 F.Supp.3d at 1341.

Seavisions Ltd. is a foreign corporation, incorporated and headquartered in the Cayman Islands. None of the operative acts occurred in Florida.  Plaintiff and Seavisions entered into a contract in France, not Florida.  Plaintiff contends she advised the crew on the yacht of her incident.  The vessel never came to Florida or the United States during Plaintiff's employ.  Even after Plaintiff abandoned her employment on the vessel, she did not come to Florida.  Plaintiff did not request or receive any medical treatment in Florida.  Even according to the allegations in the Complaint, Seavisions Ltd. did not commit any a tortious act in Florida, cause any injury in Florida, or breach a contract in Florida.  None of the allegedly negligent acts asserted by Plaintiff occurred in Florida.  Plaintiff fails to prove Seavisions is subject to either general or specific jurisdiction of this Court.

Even if Plaintiff had satisfied *Daimler* and Florida's long-arm statute, she fails to demonstrate the requisite minimum contacts between Florida and Seavisions to sustain personal jurisdiction over it.  The minimum contacts analysis "cannot simply be mechanical or quantitative", but instead must depend on the "quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 319 (1945).

Plaintiff's mere assertions do not suffice.  All of the operative facts occurred in France or as the yacht sailed in the Mediterranean Sea.  Plaintiff fails to establish this Court's personal jurisdiction over Seavisions.

### IV.     This Court dismisses this action for *forum non conveniens*.

This Court properly dismisses this action on *forum non conveniens* grounds in favor of the Cayman Islands forum designated in Plaintiff's employment contract, and based on a traditional *forum non conveniens* analysis.  A district court properly dismisses the action on *forum non conveniens* grounds where a court abroad is the more appropriate and convenient forum for adjudicating the controversy. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 127 S. Ct. 1184, 1188 (2007).  The Eleventh Circuit Court of Appeals adopted the following framework for dismissing a case under the *forum non conveniens* doctrine:

> As a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case.  Next, the trial judge must consider all relevant factors of private interest, weighing in the balance a strong presumption against disturbing a plaintiff's initial forum choice.  If the trial judge finds this balance of private interests at or near equipoise, he must then determine whether or not factors of public interest tip the balance in favor of a trial in a foreign forum.  If he decides that the balance favors such a foreign forum, the trial judge must finally ensure that the plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice.

*La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983).

The United States Supreme Court subsequently altered this analysis and held that a motion to dismiss for *forum non conveniens* is the appropriate means to enforce, in federal litigation, a valid forum-selection clause calling for litigation of disputes in a non-federal forum. *Atlantic Marine Constr. Co. Inc. v. U.S. District Court for W. Dist. of Texas*, 134 S. Ct. 568 (2013).  The presence of a valid forum selection clause alters the traditional *forum non conveniens* analysis in two material ways[5]:  (1) the plaintiff's choice of forum merits no weight; and (2) the court should not consider the parties' private interests. *Atlantic Marine*, at 581-584.

---

5  The third modification discussed in the case is not applicable here.

Here, arbitral forum in London will maintain jurisdiction over the parties and the subject matter.  The public interests favor dismissal because the operative facts have no connection with the State of Florida.  Plaintiff entered her employment in France and completed her job duties as the vessel sailed in the Mediterranean Sea. The vessel never called in Florida.  None of the negligence alleged by Plaintiff occurred in Florida.  The unfairness of burdening citizens in an unrelated forum with jury duty and the appropriateness of trying the case in a forum familiar with the controlling law demonstrate the public interests favor dismissal. *Veba-Chemie v. M/V GETAFIX,* 711 F.2d 1243, 1247, 1985 AMC 85 (5th Cir. 1983); *Gilbert*, 330 U.S. at 508-09. The foreign forum selection clause is properly enforced, U.S. law does not apply, and the European forum designated in the seafarer's employment agreement is the proper venue. *Nayak v. Star Clippers,* 2014 U.S. Dist. LEXIS 50564 (S.D. Fla. 2014).

**V.     Plaintiff fails to state a claim upon which relief can be granted against Seavisions, Ltd.**

Plaintiff here alleges the following counts against Seavisions Ltd.: (Count VI) Jones Act negligence; (Count VII) failure to provide maintenance and cure; (Count VIII) conversion of property; and (Count IX) violations of Cayman Island Merchant Shipping Law.

**A.     Plaintiff fails to state a claim upon which relief can be granted under the Jones Act or for failure to provide maintenance and cure.**

In the first instance, Plaintiff fails to state any basis to summarily disregard the choice of law provision in her contract, which designates the laws of the Cayman Islands to govern all claims.  [Ex. 6, ¶Q].

Even if United State law were to apply, the status of "employer" is a pre-requisite to any potential liability under the Jones Act or responsibility for maintenance and cure.  46 USC App. §688; *Guidry v. South Louisiana Contractors, Inc.,* 614 F.2d 447 (5th Cir. 1980); *Spinks v. Chevron Oil Co.,* 507 F.2d 216 (5th Cir. 1975).

Seavisions Ltd. was not Plaintiff's employer or the vessel owner or operator on the date of her alleged incident. [Ex. 1, 6]. As a result, Plaintiff fails to state a claim upon which relief can be granted. Based on the rendition of facts in the Complaint, Plaintiff fails to demonstrate a cognizable theory of liability against Seavisions when it did not employ Plaintiff or own the vessel at the time of her injury.

> **B. Plaintiff fails to state a claim upon which relief can be granted for conversion of property.**

Plaintiff fails to state a claim upon which relief may be granted for conversion of property. In order to prove a claim for conversion of property, a plaintiff must show "(1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with [plaintiff's] ownership therein." *Compania de Elaborados de Cafe, C.A. v. Cardinal Capital Management, Inc.*, 401 F. Supp. 2d 1270, 1278 (S.D. Fla. 2003) (quoting *Del Monte Fresh Produce Co. v. Dole Food Co., Inc.*, 136 F. Supp. 2d 1271, 1294 (S.D. Fla. 2001)). A plaintiff can also prove a cause of action for conversion if it shows that the defendant deprived the plaintiff of plaintiff's property by means of an unauthorized act. *Id.* (citing *Fogade v. ENB Revocable Trust*, 263 F.3d 1274, 1291 (11th Cir. 2001)).

At no point in the instant case did Defendant deprive Plaintiff of her property through wrongful assertions or unauthorized acts. On the contrary, Plaintiff signed off Defendant's vessel due to a family emergency and knowingly left her possessions onboard. Accordingly, Plaintiff's allegations do not satisfy the requisite standard to state a claim upon which relief may be granted for conversion of property.

> **C. Plaintiff fails to state a claim upon which relief can be granted under the Merchant Shipping Law of the Cayman Islands.**

Plaintiff cites no legal theory of liability in which Seavisions owed Plaintiff a legal duty for the alleged incident on September 30, 2014 when Seavisions did not employ Plaintiff or own

or operate the subject vessel.  Each of the provisions contained in Count IX impose obligations on the seafarer's employer.  Seavisions did not employ Plaintiff when she became injured and in need of medical care.  None of the legal provisions cited in the Complaint state a cognizable claim under the Merchant Shipping Law against Seavisions.

WHEREFORE, the Defendant Seavisions Ltd. respectfully requests the Court enter an Order dismissing Plaintiff's Complaint and directing Plaintiff to submit her claims against Seavisions Ltd. to arbitration in accordance with her Employment Agreement.

### CERTIFICATE OF CONFERRING WITH COUNSEL

Pursuant to Local Rule 7.1(c) of the Rules governing practice in and for the Southern District of Florida, defense counsel conferred with Plaintiff's counsel regarding the issues raised in this motion and Plaintiff opposes the relief requested herein.

Dated:   December 21, 2016

Respectfully submitted,

 /s/ Stephanie H. Wylie
**David J. Horr**
Florida Bar No. 310761
dhorr@admiral-law.com
**Stephanie H. Wylie**
Florida Bar No. 130140
swylie@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
*Attorneys for Defendant, Seavisions*

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on December 21, 2016, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the

foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

 /s/ Stephanie H. Wylie
**Stephanie H. Wylie**
Florida Bar No. 130140

## SERVICE LIST

**Richard D. Rusak**
Florida Bar No. 0614181
rrusak@braislaw.com
Brais Brais & Rusak
9300 S. Dadeland Blvd., Suite 101
Miami, FL 33156-2704
Telephone: (305) 416-2901
Facsimile:  (305) 416-2902
*Attorneys for Plaintiff*

**David J. Horr**
Florida Bar No. 310761
dhorr@admiral-law.com
**Stephanie H. Wylie**
Florida Bar No. 130140
swylie@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
*Attorneys for Defendant Seavisions*

/1141709